### INJURIES RECEIVED IN THE COURSE OF EMPLOYMENT.

Common Pleas Court of Hamilton County.

HENRY VERKAMP v. INDUSTRIAL COMMISSION OF OHIO.

Decided, December 18, 1915.

*Workmen's Compensation Act—Compensation Payable to Those Who Receive Injury in the Course of Their Employment—Not During the Period or Their Employment.*

Compensation is payable, under the workmen's compensation act, to those who are injured in the course of their employment, and not to those injured while so employed.

*Burch, Peters & Connolly* and *George F. Osler,* for plaintiff.
*John V. Campbell,* Prosecuting Attorney, and *Charles A. Groom* and *Henry G. Hauck,* Assistant Prosecuting Attorneys, contra.

CUSHING, J.

This cause is now heard on demurrer to the petition on appeal from the Industrial Commission of Ohio.

The facts as they appear from the pleadings are that the plaintiff was in the employ of George Hartke, a hardware merchant on Central avenue, in this city. He was sent by his employer to deliver a package of hardware some distance beyond the main line of the Winton Place street cars, in that part of the city known as Winton Place; the package was delivered; plaintiff started to return to his employer's place of business and in order to save a little time concluded not to wait for the jerky but to walk to the car line. He was proceeding on the sidewalk. While so doing he saw a horse in the street. The horse was being attended by a veterinary, who called to the plaintiff to bring him a bridle. Plaintiff left the sidewalk, picked up the bridle and took it to the veterinary. About that time the horse lunged and fell on plaintiff, injuring him as stated in his application for compensation.

The industrial commission rejected the claim on the ground that the plaintiff was not injured in the course of his employment.

This demurrer presents the question as to whether or not when a person is employed and is injured, they can recover if the injury did not occur while in the course of the employment.

The second paragraph of Section 21 of the act in question reads as follows:

"Every employee mentioned in subdivision two of Section fourteen hereof, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on and after January 1st, 1914, shall be entitled to receive, either directly from his employer as provided in Section twenty-two hereof, or from the state insurance fund, such compensation for loss sustained on account of such injury or death, and such medical, nurse and hospital services and medicines, and such amount of funeral expenses in case of death as is provided by Sections thirty-two to forty inclusive of the act."

The contention of counsel for plaintiff is that the comma after the word "hereof" and after the word "injured" including within the commas the following language, "who is injured," and the following phrase within commas, "and the dependents of such as are killed in the course of employment," that "in the course of employment" applies only to such as are killed in the course of employment, and, therefore, "who is injured, wheresoever such injury has occurred," is entitled to compensation whether the injury occurred in the course of an employment or not, the contention of counsel for plaintiff being that the statute intended that if a person was employed and was injured while employed, that he should be entitled to compensation.

This paragraph must be read in connection with subdivision two of Section 14 of the same act, which is as follows:

"Every person in the service of any person, firm or private corporation, including any public service corporation employing five or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens, and

also including minors who are legally permitted to work for hire under the laws of the state, but not including any person whose employment is but casual, or not in the usual course of trade, business, profession or occupation of his employer.''

The language in subdivision two of Section 14, to which reference is made is:

''But not including any person whose employment is  *  *  * not in the usual course of trade, business, profession or occupation of his employer.''

Reading the two sections together, it seems to me they mean that a person is entitled to compensation when injured in the course of his employment, not otherwise.

This view of the law is strengthened by the case of *Gleisner* v. *Gross & Bender*, decided by the Supreme Court, Appellate Division, of New York, and reported in the Ohio Law Bulletin of November 22, 1915. In that case, Gleisner was a janitor; at different times he was employed by the tenants of the apartment building of which he was janitor to do work for them; also at times he did carpenter work, attended to the boiler, and such other work as the tenants might require. On the occasion in question he had gone on the building and was fixing a flag pole, and while so doing he was injured. The Supreme Court held that this was not in the course of his employment and he was not entitled to compensation.

It seems to me, therefore, that the intention of the Legislature of Ohio was, that persons who are injured in the course of their employment should receive compensation, and not such as are injured while employed. The latter contention would mean that if a person were injured while at a summer resort in the evening, he would be entitled to compensation if he were employed. Such can not be the intention of the Legislature.

The demurrer, therefore, will be sustained and the petition dismissed unless plaintiff desires to plead further.